IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael L. Jones, | ) | C/A No.: 8:10-15-JFA-BHH |
|       Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| Warden Michael McCall, SCDC Perry CI; | ) | |
| Warden Michael McCall, SCDC Perry CI; | ) | |
| Associate Warden Claytor, SCDC Perry CI; | ) | |
| Major Denis Bush, SCDC Perry CI; | ) | |
| Captain Miller, SCDC Perry CI; | ) | |
| Lt. Tamara Conwell, SCDC Perry CI; | ) | |
| Lt. Harouff, SCDC Perry CI; | ) | |
| Dr. Benjamin Lewis, Perry CI; | ) | |
| Nurse Practitioner III Amy Enloe, SCDC Perry CI; LPN Cathy Jones, Perry CI; | ) | |
| LPN Tippen, Perry CI; | ) | |
| RN Adetoro Sobwale, Perry CI; | ) | |
| RN Soloan, Perry CI; | ) | |
| Warden Stevenson III, BRCI; | ) | |
| Dr. Donald Samson, BRCI; | ) | |
| LPN Geneva Walters, BRCI; individual and official capacities, | ) | |
| | ) | |
|       Defendants. | ) | |

The *pro se* plaintiff, Michael L. Jones, is a state prisoner housed at the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs, inhumane conditions, and violations of the Eighth Amendment. He seeks actual and punitive damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261

1

Recommendation wherein she suggests that this court should grant the defendants' motion for summary judgment. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was entered on the docket on September 16, 2010. The plaintiff filed timely objections to the Report which the court will address herein.

Upon a careful review of the facts and matters presented, the Magistrate Judge opines that the plaintiff has not been denied medical treatment, noting that the mere fact that a prisoner may believe he had a more serious injury or that he required a different treatment does not establish a constitutional violation. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). Moreover, the duty to attend to prisoners' medical needs does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

The Magistrate Judge also opines that the plaintiff's treatment, or lack thereof, was not so grossly incompetent, inadequate or excessive as to shock the conscience or be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Thus, the Magistrate Judge finds, and this court agrees, that the defendants have not been deliberately indifferent to the plaintiff's serious medical needs. *Young v. City of Mount Rainer*, 238 F.3d 567, 575–76 (4th Cir. 2001).

---

(1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff objects to the complaint being labeled by the Magistrate Judge as a "diary," a "malpractice allegation," and a "mere disagreement with the speed and quality of his treatment." He objects to the denial that he received substantial harm and injury. Further, he objects to being accused of not providing adequate evidence in support of his claim and does not understand why his motion to compel was dismissed as untimely. Finally, he objects to being accused of not washing in a regular shower or sink when he contends he could not stand up by himself.

The court intends no minimization of the plaintiff's feelings or pain incurred as a result of his ruptured spinal disc. However, as the Magistrate Judge properly notes, deliberate indifference to a serious medical need is a very high standard, and the court agrees that the defendants' treatment of the plaintiff was not so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness. *Miltier* at 851. While the objections are specifically enumerated, they provide no basis for this court to deviate from the Magistrate Judge's recommended disposition and are repetitive of the claims in plaintiff's amended complaint.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The defendants' motion for summary judgment (ECF No. 33) is hereby granted and this action is dismissed with prejudice.

The court also adopts the Report of the Magistrate filed on August 16, 2010

recommending that defendant LPN Tipen be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure of service.

    IT IS SO ORDERED.

March 16, 2011                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge

4